**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4065**

---

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

      versus

HERSHEL SMITH,

                                   Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-04-122)

---

Submitted: October 17, 2005         Decided: November 1, 2005

---

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Donald L. Stennett, BREWSTER, MORHOUS, CAMERON, CARUTH, MOORE, KERSEY & STAFFORD, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hershel Smith appeals his 70-month sentence pursuant to a guilty plea for possession of 41.1 grams of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2) (2000). His sole argument on appeal is that a remand is warranted because he was sentenced under a mandatory application of the federal sentencing guidelines, in violation of United States v. Booker, 125 S. Ct. 738 (2005). We affirm Smith's sentence.

Because Smith did not object below to the mandatory application of the guidelines, we review for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). If a defendant establishes these requirements, the court has discretion to correct the error, but "should not exercise . . . [that discretion] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

In White, this court determined that imposing a sentence under the guidelines as mandatory was error that was plain. White, 405 F.3d at 217. In determining whether this error affected the defendant's substantial rights, the court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was

not an error for which prejudice would be presumed.  <u>Id.</u> at 221.  Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings."  <u>Id.</u> at 223 (quoting <u>Olano</u>, 507 U.S. at 734).  We find that Smith fails to meet this burden because he presents no non-speculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory.  We therefore conclude that the district court's error of sentencing Smith under a mandatory guidelines scheme did not affect his substantial rights.

Accordingly, we affirm Smith's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>